OPINION AND ORDER
This is an appeal of a Tribal Trial Court decision of October 20, 2008, concerning the custody of T.J.M, the parties’ six year old son. The Trial Court decision is affirmed in accordance with the following.
The applicable standard of review set forth in Title II, section 202 of the Fort Peck Comprehensive Court of Justice, (“CCOJ”), provides,
The Court of Appeals shall review de novo all determinations of the Tribal Court on matters of law but shall not set aside any factual determinations of the Tribal Court if such determinations are supported by substantial evidence.
We have regularly applied this provision in custody matters,
Our Tribal Court has broad discretion in the determination of child custody and support issues. We will not overturn the Tribal Court’s judgment based upon factual findings unless a review of the entire record shows that such judgment was not supported by substantial evidence or we find that the Court abused its discretion.
In the Matter of the Custody of D.R.B., FPCOA # 327,(citations omitted),(2001). We find the Tribal Trial Court’s Conclusions of Law to be correct, its factual determinations to be supported by substantial evidence and no abuse of discretion.
The Trial Court proceeding began in June 2007 when both parents filed Family Court petitions seeking custody of T.J.M. *250 After preliminary matters were handled by two other Tribal Trial Court Judges, in January 2008, the matter was assigned to Judge Roxanne Gourneau. Judge Gour-neau held a two-day hearing in the matter on March 25-26, 2008 and issued detailed Findings of Fact and Conclusions of Law on October 20, 2008. We granted a stay, ex parte, of the Tribal Court’s Order on October 31, 2008. We offered Appellee the opportunity to respond to our Order. She objected but we left the stay in effect.
Our review of the Trial Court’s Conclusions of Law indicates they are correct. The Trial Court properly found it had subject matter and personal jurisdiction over the proceeding under Title II, Section 107, CCOJ. The Tribal Court applied the correct law, Title X, Section 304.
Title X, Section 304 provides in relevant part:
(b) The determination of custody shall be based on the best interests of the child and there shall be no presumption that a parent is better suited to be custodial parent based on that parent’s gender.... In determining the best interests of the child, the Court shall consider the relative ability of the parents to provide adequate food clothing, shelter, medical care, love and emotional support of the day-to-day supervision .... Differences in financial means alone shall not be the deciding factor.
After reviewing the testimony at the trial and the written documents filed, the Trial Court Judge determined that primary custody with T.J.M.’s mother, Ap-pellee Jo-Lin Osceola, was in his best interests. Essentially, the Trial Court Judge found that Ms. Osceola’s evidence, generally provided by disinterested professionals, supported the view that TJ.M.’s well-being, including his health care needs and his need for a strong relationship with his father, would be best supported by his mother. The Trial Court Judge also found that Appellant John Morales, Jr., did not provide some of the court-ordered evaluation materials that would have bearing his ability to parent, a finding Appellant disputes.
The Trial Court Judge determined that Appellant did not prevail in proving his allegations of Appellee’s lack of fitness as a parent. While not minimizing the potential impact use of alcohol and drugs on T.J.M.’s best interests, the Trial Court Judge found that both parents had issues in this realm and Appellee had addressed hers.
At the beginning of the trial, the Trial Court Judge urged the parties to work our their co-parenting issues and recessed court for that purpose. While they were unable to do so then, they again made an effort to work out their differences while this matter was being briefed. The Trial Court decision and the record on appeal demonstrate the parties’ love for their child. It is the expectation of this Court that the parties will move forward with the Trial Court’s decision in the best interests of their son.
Twice during the Tribal Trial Court proceedings, Appellant unsuccessfully requested that Trial Court Judge Gourneau be replaced due to his concern that earlier political relationships between the two could undermine his right to a fan' consideration of the issues. He did not request a hearing in the trial court on the issue. Nor did he preserve the issue on appeal by including it in his Notice of Appeal. Nonetheless, we briefly address the issue due to its importance.
We recognize that the citizens’ confidence in the fairness of the tribal court system is central to its institutional strength. Title II, section 307, CCOJ governs disqualification of Tribal Court *251 Judges. The only portion of that section that could apply here is that providing for disqualification when personal bias or prejudice exists. Yet nothing in the manner in which Judge Gourneau has conducted this proceeding shows any evidence of bias. She presided over a lengthy two-day trial, whose transcript covers 500 pages. Her written decision is detailed, thoughtful and reasonable. We trust that all the Tribal Trial Court Judges take very seriously their duty to refrain from presiding over cases when CCOJ Title II, Section 307 prohibits doing so.
IT IS NOW, THEREFORE, THE ORDER OF THIS COURT THAT:
The trial Court’s Order is affirmed.